## Wytheville.

### READ v. COMMONWEALTH. ·

#### JULY 13th, 1893.

CRIMINAL PROCEEDINGS—*Record—Judgment.*—A writ of error will not lie where the record does not show the judgment of the trial court, but merely recites that judgment was entered.

Error to judgment of circuit court of Tazewell county, rendered June 1, 1890, in a prosecution against the plaintiff in error for malicious shooting.   Opinion states the case.

*Blair & Blair*, for plaintiff in error.

*Attorney-General R. Taylor Scott*, for the commonwealth.

LEWIS, P., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Tazewell county, purporting to affirm a judgment of the county court of that county, sentencing the plaintiff in error to pay a fine of $300, and to be confined in jail ten days, in a prosecution for a felony.

There is a recital in the record that, after overruling the defendant's motion to set aside the verdict, the county court "pronounced judgment upon the defendant in accordance with the verdict," and that thereupon execution of the judgment was suspended for sixty days to enable the defendant to apply for a writ of error.   There is nothing, however, in the record, except this recital, to show that any judgment was pronounced in the case before the writ of error from the circuit court was sued out.   The judgment of the latter court

was rendered on the 1st day of June, 1890, and afterwards, on the 29th of October, of the same year, the following order was entered in the county court:

"This day came the commonwealth, by her attorney, and the defendant appeared in court in obedience to his recognizance entered into at a previous term of this court; whereupon it is ordered by the court that the said Ben. Read be confined in the jail of this county for the period of ten days, and that the said Ben. Read pay the fine of $300 in accordance with the verdict of the jury, and the costs of this prosecution, in obedience to the judgment of this court entered at a previous term."

No entry, however, of any such judgment appears by the record; nor is the order just quoted a proper part of the record before us, inasmuch as the writ of error awarded by this court is to the judgment of the circuit court, and the order was entered after the case had been disposed of by the latter court.

It is hardly necessary to say that a mere recital in a felony case that judgment was entered cannot be treated as equivalent to a judgment. The record must affirmatively show the sentence itself. *Spurgeon's Case*, 86 Va., 652. And as this is not shown by the record in the present case, it follows that there was nothing upon which the writ of error from the circuit court could operate, and, consequently, that the proceedings in that court were *coram non judice* and void. *Saunders* v. *Commonwealth*, 79 Va., 522. So that, instead of undertaking to affirm a judgment that, in contemplation of law, had not been pronounced, the circuit court ought to have refused the writ of error; or, having granted the writ, it ought to have dismissed it as having been improvidently awarded. Its judgment must, therefore, be reversed, and such an order entered here as that court ought to have entered.

JUDGMENT REVERSED.