# Richmond

ROBERT EDWIN MANN v. COMMONWEALTH OF VIRGINIA.

April 21, 1941.

Record No. 2406.

Present, All the Justices.

*William Old* and *Benj. L. Campbell,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Robert Edwin Mann, hereafter called the accused, was found guilty of statutory rape upon Mary Maxine Bowman, an infant under the age of sixteen years, and, in accordance with the verdict of the jury, was sentenced to five years in the State penitentiary. The verdict was accompanied by a written recommendation, signed by each member of the jury, that the sentence be suspended. This recommendation the trial judge ignored. In this court it was argued that the court below erred in refusing to strike the Commonwealth's evidence, in refusing to set aside the verdict of the jury, and in failing to heed the jury's recommendation that the sentence be suspended.

The evidence may be summarized briefly as follows: Mary Bowman, the prosecutrix, was a frequent visitor in the nearby home of the accused and his wife, apparently preferring their company to that of children of her own age. She was the recipient of many gifts from them, and on one occasion accompanied them on a trip to Ocean View.

Shortly after the closing of the school term in June, 1939, according to the testimony of the prosecutrix, she was alone in the house with the accused, Mrs. Mann having gone out for a short period, and he had intercourse with her. Prosecutrix at this time was thirteen years of age. She testified that upon five subsequent occasions the accused had intercourse with her, all these acts taking place in the kitchen of the Mann home. The testimony indicates that this place was in plain view of anyone approaching the front door, and that the accused upon no occasion locked the doors or made any other preparation for the improper acts.

As a result of one of these acts, prosecutrix became pregnant, and gave birth to a child on April 5, 1940, shortly after her fourteenth birthday. She kept her condition a secret until the sixth month of her pregnancy, when she was taken to a doctor by Mrs. Mann, wife of the accused.

The mother of the prosecutrix testified that upon the return of the child and Mrs. Mann from the doctor the child told them that the accused was the father of her unborn child. This was strongly controverted by Mrs. Mann, who testified that Mary said Ed. Hawkes, her brother-in-law, who lived in the Bowman home, was responsible for her condition.

The accused, testifying in his own behalf, denied ever having had any improper relation with Mary Bowman.

We shall first dispose of that assignment of error dealing with the failure of the trial court to heed the recommendation of the jury that the sentence fixed by them should be suspended. Counsel for the accused maintain that this was an integral part of the verdict and that but for it, no verdict of guilty would have been rendered.

The province of the jury in Virginia in a criminal case is to determine the innocence or guilt of the accused, and, if they find the accused guilty, to fix his punishment. With this, the power of the jury ends. Any recommendation they may see fit to make as to clemency, or the withholding of it, is no part of the verdict. *McCann* v. *Commonwealth*, 174 Va. 429, 4 S. E. (2d) 768. In that case no proper exception under Rule 22 was recorded to the failure of the court to adopt the recommendation of the jury, and for that reason the point was not directly decided. However, this court observed that if the point could have been considered, it would have been ruled by *Coward* v. *Commonwealth*, 164 Va. 639, 178 S. E. 797, where it was held that the court was not bound to follow a recommendation of the jury. Of course, the propriety of such a request may recommend itself to the trial

judge, and he may act upon it, or he may disregard it entirely, at his discretion, but it is binding upon him in no particular whatsoever. See also *Howell* v. *State,* 102 Ohio St. 411, 131 N. E. 706, 17 A. L. R. 1108, where the situation is discussed both with and without a statute authorizing a jury to make such a recommendation.

■ When a jury is satisfied by competent evidence as to the guilt of an accused and by their verdict have so declared, there are many cases in which the full force of the punishment they have set may be softened to the accused. The trial court may, in a proper case, suspend the sentence, if it appears to it that the ends of justice are best served by such a course. Or the accused may be granted a parole or pardon. All these acts of leniency, however, rest in the discretion of the person or persons having authority to grant them. The possibility of such a grant may not be considered by the jury in reaching its verdict. As pointed out in *Coward* v. *Commonwealth, supra,* it is the duty of the jury, upon finding an accused guilty, "to impose such sentence as seemed to them to be just. What might happen afterwards was no concern of theirs."

■■ A jury may not condemn and acquit in the same verdict. The members of the jury in the case at bar were properly instructed, and they have rendered a unanimous verdict of guilty and have fixed the accused's penalty. Whatever else they did could have been and was disregarded by the trial judge.

The other assignment of error with which we shall deal is that calling in question the refusal of the trial court to set aside the verdict. It is argued that the testimony of the prosecutrix is incredible, and that, without corroboration, it is insufficient to support a verdict of guilty. The case of *Fry* v. *Commonwealth,* 163 Va. 1085, 177 S. E. 860, is cited as authority. The facts in that case are not set forth, the opinion merely stating, "The evidence is nauseous and unfit to print. * * * it is so contrary to human experience that we cannot accept it, unless there

is more corroboration than is shown here. In that sense it is incredible.''

The evidence in the case at bar is not contrary to human experience. The books abound with instances of the gratification of lust upon the bodies of children of tender years and unformed character. There is nothing inherently incredible in the testimony of the prosecutrix, and, if believed, it is sufficient to sustain the verdict.

Counsel for the accused insist that the testimony of the prosecutrix was not implicitly believed. They aver that the lengthy deliberation of the jury, the minimum statutory penalty, and the recommendation of suspension of the sentence all point to a compromise verdict. The fact that the prosecutrix was physically and emotionally developed beyond her years and that she freely consented to the improper advances of the accused may as easily have been the source of their solicitude for the accused.

However, any conclusion as to what transpired in the jury room is mere speculation. The evidence before the jury was ample and credible; the court's instructions were proper and were carefully designed to protect the interest of the accused. By their verdict the jury have declared him guilty. We find no error in the judgment.

*Affirmed.*