# Richmond

James Carter v. Commonwealth of Virginia.

December 2, 1957.

Record No. 4717.

Present, All the Justices.

Error to a judgment of the Circuit Court of Buckingham county. Hon. Joel W. Flood, judge presiding.

The opinion states the case.

*W. A. Hall, Jr.,* for the plaintiff in error.

*Reno S. Harp, III, Assistant Attorney General (Kenneth C. Patty, Attorney General,* on brief), for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The defendant, James Carter, was tried by a jury on a charge of breaking and entering in the nighttime with intent to commit larceny, found guilty and his punishment fixed at three years in the penitentiary. The record before us on this appeal contains none of the evidence but only the indictment and the order recording the verdict and purporting to sentence the defendant. He states in his brief that the evidence as to whether "he feloniously entered the structure, alleged in the indictment with intent to commit larceny" presented a question for the jury to decide. By their verdict they determined that he did, and no assignment of error is made to that finding. He makes two assignments of error: (1) that he was not properly sentenced, and (2) that the indictment did not charge him with housebreaking. They will be dealt with in inverse order.

The indictment charged that the defendant on February 26, 1956, "did break and enter in the nighttime" with intent to commit larceny "a certain chickenhouse" belonging to M. J. McMillan. It is provided in pertinent part by § 18-161 of the Code, in connection with § 18-160, that if any person "in the nighttime enter without breaking or break and enter either in the daytime or nighttime any office, shop, storehouse, warehouse, banking house, or other house," with intent to commit larceny, he shall be confined in the penitentiary not less than one nor more than ten years, or confined in jail not more than twelve months and fined not more than five hundred dollars.

At the trial no objection was made to the indictment by demurrer, motion to quash, or otherwise; nor does the record indicate that the sufficiency of the evidence to support the charge in the indictment was in any manner drawn in question. However, the defendant now contends that "a chicken house" is not a house or building in

contemplation of the statutes above mentioned, and that the court below committed reversible error in receiving and recording the jury's verdict. His argument is that under the rule of *ejusdem generis* a chicken house is not the sort of house that the statutes refer to.

We held to the contrary in *Compton v. Commonwealth*, 190 Va. 48, 55 S. E. 2d 446. As stated in that opinion, the indictment was drawn under § 4438 and § 4439 of the 1942 Code (Michie) which contained the same words as quoted above from present § 18-160 and charged "the entering of a chicken house with intent to commit larceny." The chicken house there involved was estimated to be 15 x 20 feet in size, having walls and a roof. We held: "It was such a structure as is included in the words of the statute 'or other house',", and pointed out that it had been frequently so held by other courts in construing similar statutes, as shown by the cases and texts there cited.

We must presume that the evidence in the present case, which as stated is not before us, showed that the structure broken and entered by the defendant was in fact a house and not some movable crate for temporarily containing chickens as the defendant suggests. If there had been any doubt on that point the defendant could have had a bill of particulars from the Commonwealth or could have tested the evidence by a motion to strike or a motion to set aside the verdict, none of which was done at the trial.

The *Compton* case was decided eight years ago and although § 18-160 and § 18-161 have since been amended in other respects (Acts 1950, pp. 483, 440; Acts 1952, p. 905), no change has been made in the words construed in that case, and we now adhere to that holding.

By his remaining assignment the defendant claims that "The purported sentence in the order of April 20, 1956, * * is not a sentence in law; and said record not containing a sentence in sufficiency, the said Court upon remand of this case cannot supply deficiency in the sentence *nunc pro tunc*.

The order of April 20, 1956, shows that the defendant was present in person and by his counsel, and that he was arraigned and pleaded not guilty to the indictment. It sets forth that the jury was duly impanelled and heard the evidence, the instructions of the court and the argument of counsel, and then returned this verdict: "We, the jury find the defendant guilty and fix his punishment at 3 years in the Penitentiary, with recommendation for suspension of one year."

The order continues thus: "Which recommendation the Court doth refuse to allow. And the Clerk is directed to forthwith send a copy of said order to the State Penitentiary and the prisoner is placed in charge of the guard authorized to receive him, therein to be confined and treated in the manner prescribed by law." .

A sentence is a judgment of the court declaring to the accused the legal consequence of the guilt for which he has been convicted or has confessed. In addition to the pleadings and the verdict there must be a sentence of the law upon the result of the proceedings. 5 Am. Jur., Criminal Procedure, § 70, p. 423. The record must affirmatively show the sentence. *Read* v. *Commonwealth*, 90 Va. 168, 17 S. E. 855. Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. *Hudson* v. *Youell*, 179 Va. 442, 19 S. E. 2d 705.

While the court no doubt intended to sentence the defendant, the order does not in fact show any pronouncement of sentence. Following the recording of the verdict the order states that the court refused the recommendation of the jury that one year of the term of punishment fixed by it be suspended. It was clearly within the power of the court to disregard that recommendation. *Mann* v. *Commonwealth*, 177 Va. 875, 14 S. E. 2d 283. But that ruling having been made with respect to the verdict, the order shows no further action on the verdict nor indeed any further reference to it, but proceeds to direct that a copy of the order be sent to the penitentiary and places the defendant in charge of the guard authorized to receive him, "therein to be confined and treated in the manner prescribed by law."

There is not enough in this order " 'to reasonably and fairly carry conviction that a judgment was in fact rendered,' " and there is no necessary inference from what is said in the order that judgment was in fact pronounced. *Teasley* v. *Commonwealth*, 188 Va. 376, 384, 49 S. E. 2d 604, 607.

But the "invalidity of the judgment does not affect the validity of the verdict," *Powell* v. *Commonwealth*, 182 Va. 327, 340, 28 S. E. 2d 687, 692; nor does the lack of a judgment have that effect. There is no reason why the omission of the sentence on the verdict may not now be supplied by an order entered *nunc pro tunc* and we have so held in recent cases.

In *Powell* v. *Commonwealth*, *supra*, we said: "The authorities are

unanimous in the view that a court may impose a valid sentence in substitution for one that is void, even though the execution of the void sentence has commenced." 182 Va. at 340, 28 S. E. 2d at 692. The same rule applies, of course, where the sentence has been omitted because a void sentence is the same as no sentence. In that case the defendant had been sentenced to five years in the penitentiary on March 15, 1941, and was sent to the penitentiary. Afterwards he filed a petition for a writ of *habeas corpus,* claiming that his sentence was void, and during the pendency of that proceeding he was taken back to the trial court and there resentenced on June 28, 1943. We affirmed that judgment over the defendant's contention that the court was without authority to pronounce sentence due to the lapse of time.

In *Crutchfield* v. *Commonwealth,* 187 Va. 291, 46 S. E. 2d 340, the defendant had been sentenced to three years in the penitentiary on October 14, 1946, and delivered to the prison. On his petition for a writ of *habeas corpus* it appeared that his sentence should have been for a misdemeanor only, and in March 1948 we remanded the case to the trial court with direction to impose a valid sentence for misdemeanor, and repeated that it is well settled that a valid sentence may be imposed in the place of the one that is void, even after the execution of the void sentence has commenced.

In *Howell* v. *United States,* 4 Cir., 172 F. 2d 213, 215, the court affirmed a resentence made in 1948 in the place of a void sentence made in 1940, and said: "A void sentence does not invalidate a prior adjudication of guilt properly had; but, on the contrary, such adjudication furnishes a basis for the imposition of a valid sentence when the invalidity of the sentence imposed is called to the attention of the court."

■ The defendant contends and devotes much of his brief to the argument that instead of being resentenced the defendant should now be released because, he says, the "local authorities" suppressed his appeal. This contention is based on the fact that after the defendant had, as provided by Rules of Court, filed his notice of appeal and assignments of error and his designation of the parts of the record he wished printed (designating only the indictment and the order of April 20, 1956), his counsel, on August 7, 1956, wrote to the clerk of the trial court requesting him to transmit to this court the record so designated, and on August 16, 1956, four days before the expiration of the four months allowed for an appeal (Code § 8-489), the

clerk of the trial court advised defendant's counsel that the record would not be transmitted because of the advice of the trial judge that the time for appeal had expired. On December 13, 1956, four months later, the defendant filed in this court a petition for mandamus to require the clerk to transmit the record, as a result of which the record was subsequently transmitted to this court, whereupon a writ of error was granted to defendant, the case was matured for hearing and placed on the argument docket, was argued by his counsel and upon review by this court is now found to be without error except in the matter of sentence as above noted.

There is no merit in defendant's contention that he should now be discharged. While the Fourteenth Amendment precludes a State from keeping a defendant imprisoned "if it persists in depriving him of the type of appeal generally afforded those convicted of crime," justice does not require the State to discharge him "if such an appeal is granted and reveals a trial record free from error." *Dowd* v. *United States*, 340 U. S. 206, 210, 71 S. Ct. 262, 264, 95 L. ed. 215, 219.

This case is therefore remanded to the Circuit Court of Buckingham county, the defendant shall be returned forthwith to that court and the judge of that court shall thereupon enter an order *nunc pro tunc* effective as of April 20, 1956, sentencing the defendant upon the verdict and providing that he shall have credit on the sentence for the time already served by him and that such rights as he may have to good conduct allowance under § 53-213 of the Code, and to parole under § 53-251, shall be determined as if he had been legally sentenced on April 20, 1956.

*Remanded.*