18403

Nancy Elizabeth REID, by Charles D. Reid as Guardian ad litem, Repondent, v. E. F. STRICKLAND and John J. Sijon, *Appellants*

(130 S. E. (2d) 416)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellants,*

*Messrs. Hinson & Hamer,* of Greenville, *for Respondent,*

March 27, 1963.

TAYLOR, Chief Justice.

This appeal arises out of an action brought by Nancy Elizabeth Reid, a minor, in the Court of Common Pleas for Greenville County against the defendants E. F. Strickland and John J. Sijon, the owner and driver respectively of the automobile involved, to recover both actual and punitive damages for injuries sustained as a result of a collision occurring on U. S. 29, known as Wade Hampton Boulevard, within the City Limits of Greenville, South Carolina.

The case was tried before the Honorable George T. Gregory, Jr., and a jury, and resulted in a jury verdict for

the plaintiff in the sum of $10,000.00 actual damages and $7,000.00 punitive damages. Defendants moved for a new trial absolute on the grounds that under the facts presented the verdict was so grossly excessive as to indicate that the jury was moved by passion or prejudice, or, in the alternative, a new trial *nisi* upon the ground the verdict was unduly liberal and excessive with respect to both actual and punitive damages. The trial Judge by Order dated April 27, 1962, denied defendants' motion for a new trial absolute and granted defendants' motion for a new trial *nisi* unless plaintiff remit the sum of $2,000.00 of the verdict for punitive damages. The plaintiff remitted on the record $2,000.00 of the punitive damages awarded and defendants appealed.

Defendants principal contentions are, first, that the trial Judge erred in failing to grant the motion for a new trial absolute; second, that the trial Judge abused his discretion in failing to grant the motion for new trial *nisi* as to actual damages; third, that the trial Judge abused his discretion in ordering the remittance of only $2,000.00 of the punitive damages.

Plaintiff, a child three years of age at the time of the accident, was riding in a car driven by her mother, who was attempting to cross Wade Hampton Boulevard in a business section of the City of Greenville when struck by defendant E. F. Strickland's automobile traveling South on said street. This street is approximately 51 feet wide at this point with four lanes of traffic, two each in a northerly and southerly direction. Plaintiff's mother was in the act of pulling away from a dry cleaning establishment, in order to cross the two southbound lanes and enter the northbound lanes. Plaintiff's mother testified that after looking in both directions, she proceeded approximately 6 or 7 feet into the street, stopping when she first noticed defendant's car between 70 or 80 feet away as it rounded a blind curve at an estimated speed of 60-65 miles per hour. The speed limit on Wade Hampton Boulevard at this point is 35 miles per hour. Defendants' car was traveling in such manner that it was tilting on its

left wheels and was turning sideways. The left front of defendants' vehicle crashed into the left front of plaintiff's vehicle while stopped. A police officer who investigated the accident testified that defendants' car skidded 87 feet before the collision and that plaintiff's car was thereafter pushed a distance of 24 feet.

The defendants, at the time both businessmen in the City of Greenville, were proceeding in a southerly direction in defendant Strickland's automobile with defendant Sijon driving. He estimated his speed at approximately 45 miles per hour. The other defendant, Strickland, estimated their speed as being between 40 and 50 miles per hour. Several other witnesses estimated defendants' speed between 60 and 70 miles per hour immediately prior to the collision.

No motions were made by defendants for a nonsuit, directed verdict, or judgment *non obstante veredicto* as to actual or punitive damages and the evidence referred to above was sufficient to require submission of the case to the jury as to whether such acts were the direct or proximate cause of plaintiff's injuries.

Defendants' motion for a new trial absolute is based upon the contention that the verdict was so grossly excessive as to indicate the jury was moved by passion or prejudice.

Although plaintiff remained in the hospital for only three days and was then cared for by her parents at home, there was evidence to the effect that the facial injuries she received required plastic surgery on her lip, nose, and cheek; she was under a doctor's care for approximately two months and as a result of the surgery, plaintiff has a fullness of the lip which is apparently becoming more disfiguring with time, and there is also slight scar tissue remaining three years after the accident. The surgeon testified that further surgery is not indicated at this time, although he was not sure how well the injured part of plaintiff's face was going to keep up with the

rest of the face as the child develops and that further surgery may be desirable at a later date. There was also testimony to the effect that when plaintiff cries, the injured side of her face becomes flushed or red. The doctor was unable to account for this reaction. Consideration of the above together with the accompanying pain and suffering, the mental anguish plaintiff has and will suffer, and the sex of plaintiff does not warrant this Court to conclude that the verdict was beyond all measure so unreasonable and outrageous as to show the jury to have been actuated by passion, partiality, prejudice, corruption or caprice. (See 3 South Carolina Digest, Section 1004, 979 (5).) Neither does the award for punitive damages indicate passion, prejudice or caprice on the part of the jury. Judge Gregory concluded that "The acts and delicts of the Defendants made a verdict for punitive damages proper." And the fact that the trial Judge considered the amount of punitive damages unduly liberal and excessive does not indicate passion and prejudice by the jury for which a new trial absolute is warranted. On the contrary, in an appropriate exercise of his discretionary power he reduced the verdict for punitive damages, thereby removing any taint of impropriety from the verdict.

Defendants' second and third exceptions charge the trial Judge with error in not reducing the actual damages and ordering remission of only $2,000.00 punitive damages.

We have repeatedly held that the trial Judge's refusal to reduce an excessive verdict by ordering a new trial *nisi* is not subject to our review. *Nelson v. Charleston & W. C. Ry. Co.,* 236 S. C. 516, 86 S. E. (2d) 56; *Brown v. Hill,* 228 S. C. 34, 88 S. E. (2d) 838; *Elliott v. Black River Electric Co-Op.,* 233 S. C. 233, 104 S. E. (2d) 357, 74 A. L. R. (2d) 907; *Aaron v. Hampton Motors, Inc.,* 240 S. C. 26, 124 S. E. (2d) 585. The damages, both actual and punitive, in this case are incapable of accurate measurement, and we are generally reluctant under such circumstances to disturb the verdict. In Judge

Gregory's Order, written without benefit of the transcript, mention was made of a scar above the plaintiff's right eye. This fact is not substantiated by the evidence; however, defendants made no motion to correct the record as to the scar being below rather than above the eye. Location of the scar is inconsequential in view of the fact that there is ample evidence present of sufficient injuries and damages to sustain the verdict.

Defendants' remaining exception alleges error in the trial Judge's refusal to require the exhibition of the minor plaintiff before this Court. The exhibition of injured parties before the Court is a matter entirely within this Court's discretion. In some instances it may be considered desirable to have injured parties before the Court; however, in instant case the medical testimony to the effect that much of the injury suffered is such that it is not apparent to a layman by observation and, further, the evidence as to plaintiff's injuries was quite graphic. This exception is, therefore, overruled.

For the foregoing reasons we are of opinion that all exceptions should be overruled and the judgment and Order appealed from affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.