## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫

Robert Bernard Clarke v. Commonwealth of Virginia.

September 9, 1966.

Record No. 6294.

Present, All the Justices.

*A. Fleet Dillard* for the plaintiff in error.

*D. Gardiner Tyler, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the Commonwealth.

Eggleston, C. J., delivered the opinion of the court.

At the February, 1965 term of the Circuit Court of Essex county, Robert Bernard Clarke was indicted for breaking and entering with intent to commit and committing grand larceny. Being unable to employ counsel, A. Fleet Dillard, Esquire, a member of the local bar, was appointed to represent him. Upon a plea of not guilty there was a trial by a jury. After hearing the evidence and the instructions of the court the jury returned the following verdict: "We the jury upon the issue joined find the defendant Robert Bernard Clarke guilty of grand larceny as charged in the within indictment and we fix and ascertain his punishment at confinement in the penitentiary for a term of five years, and we recommend that three and one-half years of his sentence be suspended."

The court polled the jury and ascertained that each member agreed to the verdict. It then inquired of the attorney for the Commonwealth and counsel for the defendant whether either objected to the form of the verdict, and each responded in the negative. The court then announced its acceptance of the verdict and discharged the jury.

Counsel for the defendant moved the court to set aside the verdict as being contrary to the law and the evidence and without evidence to support it and also for misdirection of the jury. This motion was overruled. After stating that it did not feel that the "recommendation of the jury should be followed," the court sentenced the defendant to a term of five years in the State Penitentiary.

Fourteen days after the judgment had been entered counsel for the defendant filed a motion in arrest of judgment, praying that the judgment be vacated and a new trial granted. With this motion counsel tendered the affidavits of ten of the twelve jurors to the effect that the members of the jury were "under the impression that the jury had the right to recommend a suspension of a specific part of the punishment imposed upon the accused" and "that the judge trying the case would send the jury back with further instructions if he did not see fit to follow such recommendation;" that had the jury been aware that the court would not do so, "they would not have agreed upon a verdict imposing as much as a five-year prison term" on the defendant.

At a hearing on this motion counsel for the defendant offered the former jurors as witnesses to establish the substance of their affidavits. The court declined to hear this testimony and overruled

the defendant's motion for a new trial. To review the judgment entered on the verdict of the jury and the subsequent judgment overruling the motion for a new trial we granted the defendant a writ of error.

The substance of the assignments of error is that the trial court erred:

(1) In accepting the verdict of the jury "containing a recommendation which was not properly included in the verdict and without instructing the jury in regard to their lack of prerogative to make such a recommendation a part of their verdict."

(2) In refusing to hear the testimony of the former jurors in support of their affidavits tendered at the hearing on the motion in arrest of judgment and in not setting aside the verdict and judgment of conviction.

The second assignment of error was abandoned at the oral argument before us and will not be further considered. Thus, the sole issue for determination on appeal is whether the trial court erred in accepting the verdict of the jury which contained a recommendation for the suspension of part of the sentence imposed, without calling their attention to the fact that such a recommendation was not within the scope of their proper prerogative.

The principles by which this issue should be determined have been firmly fixed in our previous decisions. In *Mann* v. *Commonwealth*, 177 Va. 875, 14 S. E. 2d 283, a verdict of guilty was accompanied by a written recommendation signed by each member of the jury that the sentence be suspended. This recommendation the trial court refused to follow. In affirming the conviction and approving the action of the court we said:

"The province of the jury in Virginia in a criminal case is to determine the innocence or guilt of the accused, and, if they find the accused guilty, to fix his punishment. With this, the power of the jury ends. Any recommendation they may see fit to make as to clemency, or the withholding of it, is no part of the verdict. * * * Of course, the propriety of such a request may recommend itself to the trial judge, and he may act upon it, or he may disregard it entirely, at his discretion, but it is binding upon him in no particular whatsoever. * * * " 177 Va. at 878, 879, 14 S. E. 2d at 284.

In the earlier case of *McCann* v. *Commonwealth*, 174 Va. 429, 448, 4 S. E. 2d 768, 775, in adopting the same view, we pointed out

that there is in Virginia no statutory authority for such a recommendation by a jury.

The holding in the *Mann* case was approved in *Carter* v. *Commonwealth*, 199 Va. 466, 469, 100 S. E. 2d 681, 683. It is in accord with the general rule that if the jury make a recommendation for leniency, without statutory authority, such recommendation is not a part of the verdict and not binding on the trial court. 53 Am. Jur., Trial, § 1061, p. 735; 23A C. J. S., Criminal Law, § 1407, pp. 1100, 1101.

In the present case the defendant concedes that the trial court was not bound by the recommendation of the jury, but contends that the court erred in accepting the verdict in this form; that it should have instructed the jury that such recommendation was not within their prerogative and directed them to consider further of their verdict.

We do not agree with this contention. While the trial court in its discretion might have followed that course it was not necessary that it do so. Since the recommendation of the jury was unauthorized it constituted no part of the verdict of conviction, but was mere surplusage and without legal effect. 19 Mich Jur., Verdict, § 9, p. 491; 53 Am. Jur., Trial, § 1061, p. 735; 23A C. J. S., Criminal Law, § 1407, pp. 1101, 1102; *State* v. *Hayes*, 136 W. Va. 199, 67 S. E. 2d 9, 17; *State* v. *Green*, 220 S. C. 315, 67 S. E. 2d 509, 511. Being mere surplusage, the trial court, in its discretion, had the right to "disregard it entirely." *Mann* v. *Commonwealth, supra,* 177 Va. at 878, 879, 14 S. E. 2d at 284.

Moreover, there was no motion by the defendant that the jury be so instructed and directed. It was too late after the jury had been discharged to claim in the motion in arrest of judgment that that course should have been followed.

We find no error in the proceedings in the trial court and hence the judgment is

*Affirmed.*