COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


JOSE JUAN CARCAMO
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1554-95-4       JUDGE JOHANNA L. FITZPATRICK
                                       SEPTEMBER 17, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   William L. Winston, Judge

         Deborah E. Kramer, for appellant.

         Leah A. Darron, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.



     Jose Juan Carcamo (appellant) was convicted in a jury trial
of distribution of cocaine in violation of Code § 18.2-248.  On
appeal, he argues that the trial court erred in:  (1) finding the
evidence sufficient to convict him of distribution of cocaine;
(2) refusing to allow his attorney to cross-examine a police
officer about the criminal charges against another individual;
(3) limiting his evidence during the sentencing phase; and
(4) dismissing the jury prior to publishing a jury note
indicating that the jury would have imposed a lesser sentence if
the law allowed.  For the reasons that follow, we affirm the
conviction.

                        **BACKGROUND**

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On the night of November 4, 1994, Officers Mark Jenkins (Jenkins) and Randolph Ice (Ice) conducted undercover surveillance for drug activity near a Shell station in Arlington, Virginia. The officers watched the station from a distance of sixty-three yards across the street in their parked vehicles. The lighting was sufficient for the officers to observe what was occurring in the station's parking lot, and both officers used binoculars to enhance their vision.

Officer Jenkins saw appellant approach Eric Cedillos (Cedillos) in the woods at the edge of the Shell station's parking lot. At 10:20 p.m., appellant handed Cedillos a white, cylindrical object, and Cedillos gave appellant what appeared to be money. Cedillos placed the white object in his sock. Cedillos later took the object out of his sock and placed it in his right front pants pocket. Officer Ice also saw the hand-to-hand transaction between appellant and Cedillos, but could not identify the object being passed because it was obscured. Appellant put the money in his pocket and walked away after the exchange. A few minutes later, an unidentified man approached Cedillos, and Jenkins saw them engage in a drug transaction. Appellant returned to the Shell station a few minutes later and stood next to Cedillos, at which time the officers approached and identified themselves.

The police searched the men and found the white object (a crazy glue bottle) in Cedillos' right front pants pocket. The police opened the container and found what appeared to be and

2

what was later identified as cocaine.  Ice estimated the street value for the quantity of cocaine found to be $160.  The police searched appellant and found $138 in his pocket.

During a jury trial held April 3, 1995, both officers testified unequivocally that the men they arrested were the same they had observed earlier.  Appellant denied selling drugs to Cedillos and testified that he was at the Shell station to buy juice.  He explained that he cashed his paycheck for $100 at a liquor store that afternoon and that he already had $38 in his pocket.  Appellant's employer testified that every other Friday was a payday, but could not confirm that November 4, 1994 was a payday.

At the close of the Commonwealth's case, appellant's counsel made a motion to strike because the Commonwealth had not proven the elements of the crime, but the court denied this motion.  Appellant's counsel renewed this motion at the conclusion of all evidence, and the court again denied the motion.

The jury found appellant guilty as charged, and the court held the sentencing phase of the trial on April 4, 1995.  The jury recommended the minimum sentence of five years in the state penitentiary.  On June 23, 1995, the trial court followed the jury's recommendation and sentenced appellant to five years in the state penitentiary.

## SUFFICIENCY OF THE EVIDENCE

Appellant argues that the trial court erred in finding the

3

evidence sufficient to convict him of distribution of cocaine. Specifically, he contends that the Commonwealth's evidence was primarily circumstantial and failed to exclude all reasonable conclusions inconsistent with guilt.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth . . . ." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). This Court has held that "'[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Shurbaji v. Commonwealth, 18 Va. App. 415, 423, 444 S.E.2d 549, 553 (1994) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983), cert. denied, 465 U.S. 1109 (1984)).

In this case, the evidence established that Jenkins and Ice conducted a surveillance of the Shell station and saw a transaction between appellant and Cedillos. Appellant handed Cedillos a white, cylindrical object, and Cedillos gave appellant money. Cedillos placed the object in his sock and later moved the object to his right front pants pocket. When police searched Cedillos, they found the white, cylindrical object, which contained cocaine, in Cedillos' right front pants pocket. Appellant had $138 in his pocket, and Ice estimated the street value of the quantity of cocaine found to be $160. At trial,

4

Jenkins and Ice confirmed that the men they arrested were the same two men they had observed earlier.  Viewing this evidence in the light most favorable to the Commonwealth, we hold that the trial court did not err in finding the evidence sufficient to convict appellant of distribution of cocaine.

## LIMITATION OF CROSS-EXAMINATION

Appellant next asserts that the trial court erred in refusing to allow him to cross-examine Jenkins about the charges against Cedillos.

During cross-examination of Jenkins, appellant's attorney asked whether Jenkins had charged Cedillos with distribution of drugs.  The Commonwealth's attorney objected, arguing that the charges against Cedillos were "totally irrelevant."  The trial court sustained the Commonwealth's objection and stated "you try one case at a time."  Appellant's counsel responded, "That's true," and made no objection to the court's ruling.

The Court of Appeals will not consider an argument on appeal that was not presented to the trial court.  Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  This issue is barred by Rule 5A:18.

## LIMITATION OF EVIDENCE DURING SENTENCING PHASE

5

Appellant contends that the trial court erred in limiting his evidence in mitigation of punishment during the sentencing phase of trial.

At trial, appellant's boss, Cristian Rodas, testified that appellant had a reputation for truth and veracity among his co-workers, bosses, and friends. Appellant's former co-worker, Daniel Mendez, confirmed that appellant was a "good person." During the sentencing phase, appellant's counsel sought to introduce additional evidence of appellant's employment history and his family. The trial court determined that appellant's counsel could reiterate evidence introduced at trial attesting to appellant's employment history and reputation, but ruled that appellant could not testify about his employment history and family beyond the scope of what was introduced at trial. The court found that the additional information was not "relevant and admissible on the issue of sentencing" under Code § 19.2-295.1. The court also instructed the jury that appellant had no criminal record.

> Code § 19.2-295.1 provides as follows:
> In cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.
> At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency

6

under the laws of any state, the District of Columbia, the United States or its territories. The Commonwealth shall provide to the defendant fourteen days prior to trial notice of its intention to introduce evidence of the defendant's prior criminal convictions. Such notice shall include (i) the date of each prior conviction, (ii) the name and jurisdiction of the court where each prior conviction was had, and (iii) each offense of which he was convicted. Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing. After the Commonwealth has introduced such evidence of prior convictions, or if no such evidence is introduced, <u>the defendant may introduce relevant, admissible evidence related to punishment</u>. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal. If the defendant is found guilty of an offense other than a felony, punishment shall be fixed as otherwise provided by law.

If the jury cannot agree on a punishment and if the defendant, the attorney for the Commonwealth, and the court agree, in the manner provided in § 19.2-257, then the court shall fix punishment.

(Emphasis added.) "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." <u>Ragland v. Commonwealth</u>, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

In Virginia, non-constitutional error is harmless "[w]hen it <u>plainly appears</u> from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. . . . An error does not affect a verdict if a reviewing

7

> court can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (citation omitted). The Supreme Court of Virginia has held that errors relating to information imparted to the jury are harmless when the accused's guilt is established by the evidence and the jury imposes the minimum punishment. See Caldwell v. Commonwealth, 221 Va. 291, 298, 269 S.E.2d 811, 815 (1980) (holding that error in informing jury about parole was not harmless where jury imposed maximum sentence on two counts); Hall v. Commonwealth, 143 Va. 554, 561-62, 130 S.E.2d 416, 419 (1925) (holding that error in improperly admitting other crimes evidence was harmless where evidence clearly established the guilt of the accused and the jury imposed the minimum sentence).

Assuming without deciding that the trial court erred in limiting appellant's evidence of employment history and family during the sentencing phase, we hold that this error was harmless and did not affect appellant's sentence, as he received the minimum sentence allowed for the offense committed. Under these circumstances, even if the trial court had allowed appellant to introduce additional evidence regarding his work history and family, "the verdict would have been the same," and thus the error is harmless. See Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911.

### JURY NOTE RECOMMENDING LESSER SENTENCE

8

Appellant lastly argues that the trial court erred in failing to publish a jury note indicating that the jury would have imposed a lesser sentence if the law allowed until after it had dismissed the jury. Specifically, appellant contends that the jury's note indicates that the verdict was not unanimous and that, if he had known about the note prior to the dismissal of the jury, he would have polled the jury.

During deliberations in the sentencing phase, the jury asked, "Should the jury choose to recommend the minimum sentence can we also recommend that the Court suspend part or all of the sentence? Is this in our power?" The trial court responded as follows:

> Yes, the jury may make a recommendation under the law. However, the Court is not obligated to follow the recommendation. The case will come up on a future date for the imposition of sentence. At that time the Court can consider your recommendation together with other material that will be before the Court at that time. If a recommendation is made please place it on a separate paper from the verdict.

Appellant did not object to the trial judge's response to the jury. The jury recommended the minimum sentence of five years in the state penitentiary. After the trial judge read the verdict, appellant did not object to the form of the verdict or ask to poll the jury. The jury also wrote a separate statement that read as follows: "[H]ad we had the latitude, we would have recommended one to two years imprisonment with no fine. We ask the court to consider this recommendation when it imposes the

sentence."  The court did not inform either party of this statement until after it dismissed the jury, at which point no objections were made.  On June 23, 1995, the trial court imposed the five-year sentence recommended by the jury.

Code § 18.2-248(C) provides as follows:  "Any person who violates this section . . . shall upon conviction be imprisoned for <u>not less than five</u> nor more than forty years and fined not more than $500,000."  (Emphasis added.)  "[T]he general rule [is] that if the jury make[s] a recommendation for leniency, without statutory authority, such recommendation is not a part of the verdict and not binding on the trial court."  <u>Clarke v. Commonwealth</u>, 207 Va. 298, 301, 149 S.E.2d 875, 877 (1966).  <u>See also</u> <u>Harmon v. Commonwealth</u>, 209 Va. 574, 581, 166 S.E.2d 232, 237 (1969) ("[A] recommendation for mercy in the verdict of a jury in a criminal trial is mere surplusage, without legal effect, and may be disregarded by the trial court.").

Appellant's argument that he was denied the opportunity to request imposition of the lesser sentence recommended by the jury is without merit.  Under Code § 18.2-248(C), the jury had no authority to recommend a sentence of less than five years.  Thus, in imposing sentence on appellant, the trial court was not required to follow the jury's recommendation for leniency.  Additionally, appellant was aware that the jury intended to recommend a suspended sentence if it imposed the minimum sentence, but chose not to poll the jurors.  Under these

10

circumstances, we hold that the trial court did not err in failing to publish the jury's note prior to dismissing the jury.

We recognize that Rule 3A:17 requires that "[i]n all criminal prosecutions, the verdict shall be <u>unanimous</u>, in writing and signed by the foreman, and returned by the jury in open court."  (Emphasis added.)  However, in this case, no evidence shows that the jury's verdict as to sentence was not unanimous. The plain meaning of the jury note indicated that the jury was recommending a lesser sentence for the trial court to consider when imposing sentence.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.