COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


WARREN D. HARRISON
                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1992-03-1          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                        NOVEMBER 9, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

(Timothy E. Miller, Public Defender; Office of the Public
Defender, on brief), for appellant.  Appellant submitting on brief.

(Jerry W. Kilgore, Attorney General; Richard B. Smith, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Warren D. Harrison (appellant) was indicted on two counts of rape pursuant to Code

§ 18.2-61.  A jury found him guilty on both counts, and recommended a sentence of five years for

each offense.  On appeal, he contends that the trial court erred in ordering that the sentences run

consecutively when the jury requested that they run concurrently.  We hold that the trial court did

not err, and affirm.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that appellant was indicted for two counts of rape.

The victim, C.T., age 15, was the niece of appellant's girlfriend.  The rapes occurred between

_____

[*]  Pursuant to Code § 17.1-413, this opinion is not designated for publication.

February 10, 2002 and February 28, 2002, and again between March 15, 2002 and April 15, 2002. The jury convicted appellant on both counts, and fixed his punishment at five years for each offense. On the sentencing form, the jury foreperson wrote "we think concurrent." The trial court commented on the jury's recommendation:

> Counsel, on the sentencing form of the five years [sic], they wrote in both of them, we think concurrent, which of course, they don't have the power to do, and it's superfluous language, as far as the verdict form is concerned.

At the presentence hearing on July 2, 2003, appellant argued that the trial court should order that the sentences run concurrently, consistent with the jury's recommendation. However, the trial court found that appellant's sentences should run consecutively:

> I do not find that there are any circumstances that would lead me to conclude that I should, in fact, suspend all of the sentences or suspend one of the sentences, or in fact, under these circumstances, to run it concurrent, looking at everything. Therefore in accordance with the jury's verdict and sentence, Mr. Harrison, I'm going to sentence you to five years in the Virginia State Penitentiary on each of these charges.

## II. ANALYSIS

Appellant contends that the trial court erred in sentencing appellant to two consecutive five-year terms, rather than following the jury's recommendation that the sentences run concurrently. This contention is without merit.

"The choice of sentencing procedures is a matter for legislative determination." Duncan v. Commonwealth, 2 Va. App. 342, 344, 343 S.E.2d 392, 393 (1986) (citing Ballard v. Commonwealth, 228 Va. 213, 218, 321 S.E.2d 284, 287 (1984)). Code § 19.2-295 specifically prescribes how punishment in a criminal proceeding is ascertained:

> Within the limits prescribed by law, the term of confinement in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, shall be ascertained by the jury, or by the court in cases tried without a jury.

- 2 -

Pursuant to Code § 19.2-308, "[w]hen any person is convicted of two or more offenses, and sentenced to confinement, such sentences shall not run concurrently, unless expressly ordered by *the court*." (Emphasis added). A trial court exercises this authority at its discretion. See Moore v. Commonwealth, 27 Va. App. 192, 200, 497 S.E.2d 908, 911 (1998).

The outcome of the instant case is determined by the statutory mandate of Code § 19.2-308. The fact that the jury foreman recommended that the trial court impose concurrent sentences was considered by the trial court and rejected.

This issue was addressed succinctly in Mann v. Commonwealth, 177 Va. 875, 14 S.E.2d 283 (1941):

> The province of the jury in a criminal case is to determine the innocence or guilt of the accused, and, if they find the accused guilty, to fix his punishment. With this, the power of the jury ends. Any recommendation they may see fit to make as to clemency, or the withholding of it, is no part of the verdict.
>
>        \*      \*      \*      \*      \*      \*      \*
>
> Of course, the propriety of such a request may recommend itself to the trial judge, and he may act upon it, or he may disregard it entirely, at his discretion, but it is binding upon him in no particular whatsoever.
>
>        \*      \*      \*      \*      \*      \*      \*
>
> A jury may not condemn and acquit in the same verdict. The members of the jury in the case at bar were properly instructed, and they have rendered a unanimous verdict of guilty and have fixed the accused's penalty. Whatever else they did could have been and was disregarded by the trial judge.

Id. at 878-79, 14 S.E.2d at 284 (citations omitted); see also Clark v. Commonwealth, 207 Va. 298, 149 S.E.2d 875 (1966). The trial court properly rejected the jury's request in the instant case.

We accordingly affirm the decision of the trial court.

Affirmed.