441 S.E.2d 50 (1994)
Darin Andrew HILL
v.
COMMONWEALTH of Virginia.
Record No. 1961-92-3.
Court of Appeals of Virginia.
March 1, 1994.
J. Ray Carper, Chatham (Carper and Light, on brief), for appellant.
Katherine B. Toone, Asst. Atty. Gen. (Stephen D. Rosenthal, Atty. Gen., on brief), for appellee.
Present: MOON, C.J., and COLEMAN and WILLIS, JJ.
WILLIS, Judge.
On appeal from his conviction of possession of marijuana with the intent to distribute, Darin Andrew Hill contends that the trial court erred in denying his motion to suppress evidence seized upon the warrantless search of his home. We find that the circumstances exempted the situation from the search warrant requirement and affirm the judgment of the trial court.
Around nine o'clock a.m. on February 23, 1992, the City of Danville Police Department received a call from Hill's neighbor, requesting them "to send somebody out to check to see whether the house had been broken into" because Hill was out of town and the front door of his house was open. Officer Godsey went to the house and spoke with the neighbor, who repeated that Hill was out of town, that he had not seen him for two days, and that the front door to his house was open. While Godsey talked to the neighbor, Officer Haley walked to the side of Hill's house. He saw the top of a basement door, but because of the slope of the yard, he could not see whether it was open.
At the front of the house, both officers saw that the front door was open about twelve to fifteen inches, as the neighbor had indicated. They rang the doorbell and knocked on the door. After about three to four minutes, having received no response, Godsey opened the storm door, which was unlocked, and shouted several times, "Hello. This is the police. Is anybody home?" Still receiving no response, the officers entered the house to investigate the possibility of a burglary. They again announced themselves and, receiving no response, searched the house in places where a burglar might hide, including closets and under beds.
Finding nothing disturbed in the main part of the house, the officers descended the basement stairs. In the basement, Godsey checked the outside basement door and found nothing amiss. Meanwhile, Haley noticed light from a small room under the steps. Looking in the open door, he saw a storage shelf holding marijuana plants. Godsey *51 recognized the plants as marijuana. Neither officer entered the room.
Haley left the house to obtain a search warrant. Godsey remained to secure the premises, but searched no further and disturbed nothing. After Haley's return with a search warrant, the officers executed it, finding 12.4 ounces of marijuana plants and cuttings, literature dealing with the growing and smoking of marijuana, logbooks of the actual plant growing, an empty envelope labeled "Thai Hybrid #10 Seeds," plastic bags, a carbon dioxide tank, a light rigged to a timing system, a humidifier, and drug paraphernalia.
Prior to trial, Hill moved the trial court to suppress the seized evidence on the ground that it was the product of an illegal entry. The trial court denied the motion, holding that the officers' actions were reasonable and that the circumstances authorized their entry into Hill's house.
Absent exigent circumstances, the "threshold [of a dwelling] may not reasonably be crossed without a warrant." Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). When probable cause exists, exigent circumstances excuse the requirement of obtaining a warrant, but exigent circumstances do not excuse the requirement of probable cause. Such circumstances merely dispense with the warrant requirement when the "burden of obtaining a warrant is likely to frustrate the governmental purpose behind the search." Camara v. Municipal Court, 387 U.S. 523, 533, 87 S.Ct. 1727, 1733, 18 L.Ed.2d 930 (1967).
The Supreme Court in Verez v. Commonwealth, 230 Va. 405, 337 S.E.2d 749 (1985), cert. denied, 479 U.S. 813, 107 S.Ct. 63, 93 L.Ed.2d 21 (1986), recognized several categories of exigent circumstances, including those (1) where there is a clear showing of probable cause at the time of entry, and (2) where the officers have strong reason to believe the suspects are present in the premises. As we have previously held, "[p]olice officers are not required to possess either the gift of prophecy or the infallible wisdom that comes with hindsight. Their conduct in making a warrantless search must be judged by the circumstances confronting the officers at the time they act. The reasonableness of a police officer's response in a given situation is a question of fact for the trial court and its ruling will not be disturbed on appeal absent clear and manifest error." Reynolds v. Commonwealth 9 Va.App. 430, 437, 388 S.E.2d 659, 664 (1990) (citation omitted).
The report of Hill's neighbor that Hill had been out of town for two days and that the neighbor had found the front door of Hill's house open and feared the house had been burglarized, verified by the officers' observation of the open door, gave Officers Godsey and Haley probable cause to believe that Hill's house had been unlawfully entered. The officers reasonably suspected that the burglar might still be in the house. The duty of a police officer includes the obligation to investigate. It was the duty of Officers Godsey and Haley to determine whether Hill's house had, in fact, been burglarized, to apprehend the burglar, and to resecure the premises.
The circumstances required prompt action. It would have been impractical for one officer to go for a warrant while the other attempted to secure the premises from all sides. The circumstances created a situation of exigency, requiring immediate, warrantless entry.
The officers attempted to accomplish their entry in the least intrusive manner. They knocked on the door and announced themselves. Upon entry, they called out again, inquiring whether anyone was present. They undertook a search only after receiving no response. Their search did not exceed the scope of its purpose or of the necessitating circumstances. The discovered and seized evidence lay in plain view within the scope of that search.
The judgment of the trial court is affirmed.
Affirmed.