COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


MARY WRIGHT JUARES, S/K/A
 MARY JUAREZ
                                        OPINION BY
v.   Record No. 3106-96-2      JUDGE JERE M. H. WILLIS, JR.
                                    DECEMBER 9, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge

          Matthew T. Paulk, Assistant Public Defender
          (David J. Johnson, Public Defender, on
          brief), for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.



     Mary Wright Juares contends that the evidence at trial was

insufficient to support her conviction for unreasonably or

unnecessarily obstructing the free passage of others to and from

private property open to the public and failing to cease such

obstruction after having been requested to do so, in violation of

Code § 18.2-404.  We disagree and affirm the judgment of the

trial court.

          On appeal, we review the evidence in the
          light most favorable to the Commonwealth,
          granting to it all reasonable inferences
          fairly deducible therefrom.  The judgment of
          a trial court sitting without a jury is
          entitled to the same weight as a jury verdict
          and will not be set aside unless it appears
          from the evidence that the judgment is
          plainly wrong or without evidence to support
          it.


Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987) (citations omitted).

On July 6, 1996, City of Richmond Police Officer Shepard was working off-duty as a security guard at the Richmond Medical Center (Center). Shepard testified that, on several occasions between 8:00 a.m. and 12:00 p.m., he saw Juares standing in the middle of the driveway that serves as the entrance to the Center. She had "positioned herself in the center of the entranceway to the [Center]," and attempted to pass out brochures and to speak to people who were approaching the Center.

Juares stood in "the break in the sidewalk for the driveway," which was the only entrance to the Center. The sidewalk crossed over and merged with the driveway, which sloped down to the Center's parking lot. To enter the parking lot, vehicles were required to cross over the sloped sidewalk area. Because the entrance to the Center was adjacent to the driveway, people walked alongside the driveway to enter the Center.

On four different occasions, Shepard told Juares that she could not stand in the driveway. He advised her that she could stand on the sidewalk, that she could walk back and forth across the driveway, but that she could not stop and stand in the driveway. Each time, Juares had stood in the driveway for approximately two to three minutes. Shepard testified that "[h]er whole attitude the whole day was arrogant and very hostile."

Several people were required to walk onto the grassy area

next to the sidewalk to avoid Juares, who was standing in the driveway. Some of the people that she blocked were "just walking down the sidewalk," while others were going into the Center. Shepard estimated that twenty people entered and left the driveway that day. He was unsure how many vehicles entered. Once or twice, Shepard saw Juares go up to a car entering the Center's parking lot, "and actually put her hand on the car to hand the brochure or whatever it [was] that she was handing out to people coming into the [Center]." Shepard testified that had a car driven away with Juares' hand still on it, "[i]t's a possibility she could have been injured."

The last time Shepard approached Juares, he told her he was going to issue her a summons. In a bench trial, Juares was convicted of obstructing the free passage of others, in violation of Code § 18.2-404.

> In pertinent part, Code § 18.2-404 provides that:
> Any person or persons who in any public place or on any private property open to the public <u>unreasonably or unnecessarily obstructs</u> the free passage of other persons to and from or within such place or property and who shall fail or refuse to cease such obstruction or move on when requested to do so . . . shall be guilty of a Class 1 misdemeanor.

(Emphasis added).

Contending that the evidence fails to support her conviction under Code § 18.2-404, Juares argues first, that her temporary presence in the driveway was necessary to permit her to share her views with the Center's patrons; and second, that any

- 3 -

inconvenience to motorists and pedestrians resulting from her conduct did not "unreasonably" obstruct the free passage of other persons. We find neither argument persuasive.

"Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994).

The ordinary and plain meaning of "unreasonable" is "not governed by or acting according to reason" or "evincing indifference to reality or appropriate conduct." Webster's Third New International Dictionary 2507 (1986). See also Sydnor Pump & Well Co. v. Taylor, 201 Va. 311, 317–18, 110 S.E.2d 525, 530 (1959) (defining "reasonable" as "just, fair, and suitable under the circumstances").

"Necessarily" means "in such a way that it cannot be otherwise." Webster's, supra, at 1510. See also Scottsdale Ins. Co. v. Glick, 240 Va. 283, 288, 397 S.E.2d 105, 108 (1990). Conversely, "unnecessarily" means "not by necessity." Webster's, supra, at 2504.

The adverbs "unreasonably" and "unnecessarily" modify the verb "obstruct," and are an element required for conviction under Code § 18.2–404. The accused must be proven to have obstructed the free passage of other persons either unreasonably or unnecessarily. Determining whether an obstruction is unreasonable or unnecessary requires an examination of the facts

and circumstances of each case.

Juares positioned herself so that people were required to walk around her, and vehicles were required to stop. She repeatedly refused Shepard's requests to cease blocking the driveway. She jeopardized her own safety and obstructed the free movement of other persons. As suggested by Shepard, she could just as well have proposed her views and tendered her brochures from the sidewalk without obstructing the driveway and the passage of other persons. She failed and refused to cease such obstruction when requested to do so by Shepard. Thus, the evidence supports the trial court's finding that Juares' actions were unnecessary and unreasonable obstructions. Accordingly, the evidence proved beyond a reasonable doubt each element of Code § 18.2-404.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
