COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


MELVIN JAMES MARSHALL, JR.
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0576-99-4      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Donald M. Haddock, Judge

              Frank G. Aschmann (Aschmann & Aschmann, on
              brief), for appellant.

              Shelly R. James, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Melvin James Marshall, Jr. (appellant) was convicted in a

bench trial of grand larceny, in violation of Code § 18.2-95.  The

sole issue raised on appeal is whether the evidence was sufficient

to establish that he was the perpetrator of the crime.  Finding

the evidence sufficient, we affirm.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

---

     [*] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"The burden is upon the Commonwealth, however, to prove beyond a reasonable doubt that [the defendant] was the perpetrator of the crimes." Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991). "Additionally, circumstantial evidence is as competent, and entitled to the same weight, as direct testimony if such evidence is sufficiently convincing." Id. It is true that, in a case based upon circumstantial evidence, the Commonwealth must exclude every reasonable hypothesis of innocence. See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988). "However, '[w]hether the Commonwealth relies upon either direct or circumstantial evidence, it is not required to disprove every remote possibility of innocence, but is, instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Id. (quoting Bridgeman v. Commonwealth, 3 Va. App. 523, 526-27, 351 S.E.2d 598, 600 (1986)).

In the present case, all the evidence presented by the Commonwealth was circumstantial. Any criminal charge may be proved by circumstantial evidence "[w]here all the circumstances of time, place, motive, means, opportunity and conduct concur in pointing out the accused as the perpetrator of the crime." Schlimme v. Commonwealth, 16 Va. App. 15, 18, 427 S.E.2d 431, 433-34 (1993) (citations omitted). Thus, "we consider the evidence as a whole in deciding whether it is sufficient to support the jury's findings that [the defendant] was the

perpetrator of the crimes." Chichester v. Commonwealth, 248 Va. 311, 329, 448 S.E.2d 638, 650 (1994).

Viewed in the light most favorable to the Commonwealth, the evidence established that after appellant made a delivery to Jay Elliot on the second floor of JLE Productions, appellant went downstairs. From the upstairs loft, Elliot saw appellant enter Edit Room 2, which did not have an exit to the outside. Although Elliot could not see appellant in the editing room, he heard a cable drop on the floor. After hearing the outside door close, Elliot went downstairs and discovered that a laptop computer, which he had been working on five to fifteen minutes before appellant arrived, was missing. The laptop cable remained on the floor. No one else entered the office during that time. At trial, Elliot identified appellant as the courier in his office on September 29, 1998.

In addition to the factors of time, place, means and conduct, the circumstantial evidence established motive, from which the trial court could infer that appellant was the perpetrator. Appellant testified that he owed the IRS $3,000 in taxes and, when confronted with his log sheet for the day, he admitted he had falsified the entries to change the order of his deliveries. Although appellant testified that he did not take the laptop computer from JLE Productions, "[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to

conclude that the accused is lying to conceal his guilt."

Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The Commonwealth presented evidence as to each factor in Schlimme and the inference of guilt was "reasonable, justified and compelling and left no reasonable room for doubt." Fisher v. Commonwealth, 16 Va. App. 447, 453, 431 S.E.2d 886, 890 (1993) (citation omitted). The Commonwealth's evidence was competent, was not inherently incredible and was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny. Accordingly, appellant's conviction is affirmed.

Affirmed.