COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Agee
Argued at Salem, Virginia


SHARIFF AL'MALIK

                                 MEMORANDUM OPINION[*] BY
v.    Record No. 1170-01-3      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                          APRIL 2, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
George E. Honts, III, Judge

Charles R. Allen, Jr., for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Shariff Al'Malik (appellant) was convicted of perjury, in violation of Code § 18.2-434.[1]  The sole issue raised is whether the evidence was sufficient to establish that the alleged offense occurred in Botetourt County, Virginia.  Finding no error, we affirm.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth,

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

    [1] Code § 18.2-434 provides in pertinent part:  "If any person to whom an oath is lawfully administered on any occasion willfully swear falsely on such occasion . . . he shall be guilty of perjury, punishable as a Class 5 felony."

the prevailing party below, granting to that evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, Officer T.S. Boone of the Botetourt County Sheriff's Department arrested appellant for misdemeanor charges of speeding, reckless driving and attempting to elude a police officer.  At the scene of the arrest, appellant identified himself as Levi Johnson.  Boone was unable to obtain any information about appellant from DMV at that time.  Boone then brought appellant before a magistrate at the Botetourt County magistrate's office.  Before giving appellant the oath, the magistrate asked Boone to unlock appellant's handcuffs so he could raise his right hand and be sworn.  The magistrate then asked appellant to identify himself, and appellant again stated he was Levi Johnson.  While appellant was in jail, Officer Willie Wilson of the Botetourt County Sheriff's Department recognized him from prior encounters. Wilson did not know appellant's first name, but he knew it was not Levi.  Wilson requested and received information from the Roanoke City jail which confirmed appellant's name to be Sam Johnson and that he went by a Muslim name, Shariff Al'Malik.  Wilson took the information to Boone, and Boone confronted appellant.  Appellant admitted he was Sam Johnson and that his Muslim name was Shariff Al'Malik.  He also stated that Levi Johnson was his brother.

Appellant moved to strike the evidence as insufficient at the end of the Commonwealth's case, but did not argue that the Commonwealth failed to establish venue.

## II.  ANALYSIS

-

Appellant contends that the alleged failure to prove the offense occurred in Botetourt County is a question of subject matter jurisdiction which can be raised at any time and, thus, this issue is not barred by Rule 5A:18. Assuming without deciding that appellant adequately preserved his sufficiency argument that the evidence failed to establish that the perjury occurred in Botetourt County, it is without merit. Properly viewed, the evidence proved that when Boone brought appellant to the magistrate's office in Botetourt County on August 5, 2000, appellant was sworn and identified himself as Levi Johnson before both the magistrate and Boone. Wilson processed appellant in the Botetourt County jail on these charges and testified that he knew that Levi Johnson was not appellant's correct name. After further questioning by Boone, appellant admitted he had lied about his name and he was, in fact, Sam Johnson and that he used the Muslim name Shariff Al'Malik. The evidence clearly established that the entire chain of events underlying appellant's perjury charge

-

occurred in Botetourt County.  Thus, the evidence was sufficient to establish venue[2] as properly laid therein.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed</u>.

---

[2] Code § 19.2-244 provides in pertinent part:  "Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed."

-