COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


PARADICE CARNELL JACKSON, II, F/K/A
 JAMES DARRAH
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1675-01-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     Ann Hunter Simpson, Judge

          Robert B. Goodall (Goodall & Bittinger, P.C.,
          on brief), for appellant.

          Robert H. Anderson, III, Senior Assistant
          Attorney General (Jerry W. Kilgore, Attorney
          General, on brief), for appellee.


     Paradice Carnell Jackson, II (appellant) was convicted in a

jury trial of two counts of breaking and entering and two counts

of petit larceny, third or subsequent offense, and sentenced to

a total term in prison of twenty years.  On appeal, appellant

contends the trial court erred:  (1) in denying him his

statutory right to a speedy trial; (2) in giving jury

instructions on the felony of petit larceny, third or subsequent

offense; (3) allowing him to appear at trial in a jail

"jumpsuit"; and (4) failing to answer the jury's inquiry as to

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

whether his sentences would run consecutively or concurrently. We hold that issues 3 and 4 are procedurally barred by Rule 5A:18 and that the ends of justice exception does not apply to relieve appellant from the requirement to properly object at trial.[1]  For the reasons that follow we affirm on the remaining issues.

## I.  Speedy Trial

On April 3, 2000, a grand jury indicted appellant on two counts of feloniously breaking and entering a dwelling house with intent to commit larceny in violation of Code § 18.2-91, one count of grand larceny in violation of Code § 18.2-95, indictment CR00000232-02 (02), and one count of "unlawfully and feloniously" taking property having a value of less than $200, in violation of Code § 18.2-95, indictment CR00000232-03 (03). Appellant was arrested on a capias on May 4, 2000 and held continuously in custody thereafter.  On May 25, 2000, the trial court scheduled a jury trial for August 9, 2000 and ordered discovery, returnable fourteen days before the date of trial. On August 4, 2000 appellant's attorney filed a motion to suppress based on the Commonwealth's failure to properly comply with discovery.  On August 9, 2000, the scheduled trial date, appellant moved for a continuance based on the Commonwealth's failure to file timely discovery responses.  The appellate

---

[1] See also Estelle, Corrections Director v. Williams, 425 U.S. 501 (1976).

-

record does not address the motion to suppress on the alleged discovery violation. Instead, the trial court's order recites that "[u]pon motion of the defendant, such motion being granted without objection from the Attorney for the Commonwealth, it is ordered that this case is continued to October 12, 2000."

On September 25, 2000, the public defender moved for leave to withdraw as counsel because he had a conflict of interest. A codefendant who was to be a witness at appellant's trial was also represented by the Public Defender's Office, albeit on an unrelated charge. On September 29, 2000 the trial court entered an order allowing the public defender to withdraw and appointed new counsel for appellant.[2] The trial court kept the case docketed for a jury trial on October 12, 2000 at appellant's request. On October 6, 2000, the trial court granted appellant's new counsel's motion to continue the jury trial from October 12, 2000 to December 21, 2000. Appellant's trial began on December 21, 2000 but ended in a mistrial. Before the jury was empanelled appellant's attorney noted that the Commonwealth earlier failed to comply with a discovery order that required a continuance "so that compliance could be found." The trial court then rescheduled the case to April 12, 2001.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth,

---

[2] That counsel had a scheduling conflict; therefore, the trial court appointed Margaret Hyland on October 2, 2000.

the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

Appellant first contends that the continuance he requested on August 9, 2000 should properly be charged to the Commonwealth.  The crux of appellant's argument is that because the Commonwealth failed to timely provide discovery, the Commonwealth necessitated the continuance and the time should not be allocated to him.  His claim is without merit.

Code § 19.2-243 provides, in pertinent part, that:

> [When an indictment is found against an accused] if he is held continuously in custody thereafter, [he] shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found . . . .

This statutory requirement, however, may be waived.  Heath v. Commonwealth, 261 Va. 389, 393, 541 S.E.2d 906, 908 (2001).  In addition, the statute includes several tolling provisions for the five-month deadline.

> The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
>
> *    *    *    *    *    *    *
>
> 4.  By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely

-

                    objection to such a motion by the attorney
                    for the Commonwealth, or by reason of his
                    escaping from jail or failing to appear
                    according to his recognizance . . . .

Code § 19.2-243.  "When a defendant requests, agrees to, or

acquiesces in an order that effectively continues a case, the

five-month speedy trial period of Code § 19.2-243 is tolled

during the time reasonably specified by the court to carry out

the terms of its order."  Heath, 261 Va. at 393, 541 S.E.2d at

908 (citations omitted).

     In the instant case, defense counsel moved for a

continuance on the initial trial date, August 9, 2000.  The

Commonwealth's attorney stated, "Judge, just so the record is

clear on this, what I think we need to make sure we put on the

record, is that there's a defense motion for continuance and the

Commonwealth is concurring."  Defense counsel replied "That's

fine."  Because no objection was made to the request for a

continuance and, because appellant failed to request that the

continuance be charged to the Commonwealth or put on evidence of

the Commonwealth's bad faith, the continuance was properly

charged to appellant.  See Robinson v. Commonwealth, 28 Va. App.

148, 502 S.E.2d 704 (1998) (a continuance granted on defendant's

motion is chargable to defendant); Taylor v. Commonwealth, 4

Va. App. 45, 354 S.E.2d 74 (1987) (absent a showing of bad faith

                              -

by the Commonwealth, continuances requested by defendant will not be charged to the Commonwealth).[3]

Next, appellant argues that it was error to allow his attorney to withdraw less than two weeks before the scheduled jury trial on October 12, 2000. Appellant contends that the trial court was plainly wrong in allowing the withdrawal because that inevitably meant that his speedy trial rights would be violated.

"A trial court's determination whether to allow counsel to withdraw depends upon the circumstances of each case and lies within the court's sound discretion." Shearer v. Commonwealth, 9 Va. App. 394, 401, 388 S.E.2d 828, 831 (1990). Appellant did not object when the trial court granted the public defender's motion to withdraw nor did new defense counsel raise the matter at trial. Accordingly, Rule 5A:18 bars our consideration of this issue.

Additionally, the trial court granted appellant's request to maintain October 12, 2000 as the trial date. Specifically, when appellant advised the court, "I prefer not to waive speedy trial," at the time the public defender was relieved of his representation, the trial court ruled, "Then the matter will remain docketed for a jury trial on October 12, 2000, at

---

[3] The time period between the December 21, 2000 mistrial and the retrial on April 12, 2000 is not at issue. See Fisher v. Commonwealth, 26 Va. App. 788, 792-93, 497 S.E.2d 162, 164 (1998).

-

10:00 a.m." That date was continued at the request of new defense counsel. "[B]ecause the continuance was necessary to enable replacement counsel for the defendant to prepare the defense, the continuance was attributable to the defense." Shearer, 9 Va. App. at 402, 388 S.E.2d at 832. We hold that because appellant requested the continuances at issue and did not object to the substitution of counsel, there was no speedy trial violation.

## II. Felony Larceny Convictions

Appellant next contends that deficiencies in the two indictments charging him with the grand larceny offenses require reversal of these convictions.

Appellant first argues that indictment 03, which charged appellant with "unlawfully and feloniously" stealing property with a value of less than $200, was ambiguous because it charged a violation of Code § 18.2-95 that was committed "feloniously" and failed to give him proper notice of the crime charged. Thus, it was error to permit the jury to convict him of a felony when he was indicted for a misdemeanor.

> The indictment or information shall be a plain, concise and definite written statement, (1) naming the accused, (2) describing the offense charged, (3) identifying the county, city, or town in which the accused committed the offense, and (4) reciting that the accused committed the offense on or about a certain date. In describing the offense, the indictment or information may use the name given to the offense by the common law, or the indictment

-

> or information may state so much of the
> common law or statutory definition of the
> offense as is sufficient to advise what
> offense is charged.

Code § 19.2-220.

Indictment 03 clearly and unambiguously charged appellant with a "felonious" taking. Furthermore, the trial court expressly discussed indictment 03 with counsel at the April 12, 2001 trial. The trial court noted that during a pretrial conference, defense counsel and the Commonwealth's attorney "advised me that the Court orders have previously listed [indictment 03] as a misdemeanor offense, but it is, in fact, a felony offense, third or subsequent offense of petty larceny, is that correct?" After the Commonwealth's attorney stated that she felt no need to further amend the indictment, appellant's counsel stated "I was aware of that. Mr. Jackson personally objects to the amendment, but I have explained to him the basis for the amendment exists, in fact, the indictment already says unlawfully and feloniously." The trial court then ordered the clerk to include in her order language that "corrects all prior orders that erroneously refer to indictment [03] as a misdemeanor charge."

"This was not a case of a defendant who had no idea what to expect when he came to court." Buchanan v. Commonwealth, 238 Va. 389, 398, 384 S.E.2d 757, 763 (1989). To the contrary, the record makes clear that counsel understood the true nature of

-

the charge and acquiesced in the amendment. "The trial proceeded from that point on the amended indictment, and this with the full knowledge of all parties involved. The instructions granted were consistent with the allegations of the amended indictment and the evidence thereon." Edwards v. Commonwealth, 218 Va. 994, 1003, 243 S.E.2d 834, 839 (1978).

Next, appellant contends that his conviction under indictment 02, petit larceny, third or subsequent offense, was erroneous because this indictment did not identify the offense as a petit larceny, third or subsequent offense. This contention is without merit. Indictment 02 charges appellant with the felony of grand larceny pursuant to Code § 18.2-95. The trial court partially granted appellant's motion to strike and reduced the charge to the lesser-included offense of petit larceny because the Commonwealth failed to prove that the value of the goods stolen was greater than $200. However, counsel noted that the reduction to petit larceny did not change the felonious nature of the charge because it remained a "third or subsequent offense."

> I was under the belief that having agreed
> that there was enough to sustain felony
> petty [sic] for the other charge, that the
> amendment of the grand larceny to petty
> [sic] would have remained as a felony
> . . . . Although if the Court wishes to
> change it to a misdemeanor, I certainly
> won't object, but having not objected to the
> previous stipulation, I don't believe I have
> the authority to object at this point.

-

The charge was submitted to the jury without objection as a felony, third or subsequent offense. Appellant is barred from now contesting the same issues he agreed to at trial. <u>See</u> Rule 5A:18; <u>Luck v. Commonwealth</u>, 30 Va. App. 36, 46, 515 S.E.2d 325, 329 (1999). We therefore affirm the trial court.

<u>Affirmed.</u>