COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Felton and Kelsey
Argued at Chesapeake, Virginia


DERRON QUENTE GOODMAN, S/K/A
 DERONN GOODMAN
                                                          MEMORANDUM OPINION* BY
v.        Record No. 1517-03-1                    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                                   MAY 4, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Rodham T. Delk, Jr., Judge

Randolph A. Raines, Jr. (Ferguson, Rawls & Raines, P.C., on brief),
for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


In this appeal from a conviction for possession of marijuana in violation of Code

§ 18.2-250.1, Derron Quente Goodman (appellant) contends that the trial court erred when it denied

his motion to suppress:  (1) evidence obtained during a warrantless search of his home, and

(2) statements he made without Miranda warnings.  For the reasons that follow, we reverse and

remand.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence established that on January 2, 2003, Suffolk Police Officer H.L. Kee (Kee) responded to a radio dispatch that a citizen reported that a "gentleman" was "shooting a gun on Magnolia Drive." Neither the report nor any testimony at trial stated whether the shots fired were in the house or in the yard. From the backyard of the citizen's home, Kee saw appellant and another man in the backyard of 4624 Magnolia Drive, which was surrounded by a four-foot-high chain link fence and enclosed by a locked gate. Kee watched the two men for several minutes, but he did not see a gun nor could he tell what they were doing. The men went into the house. While another officer approached the front door, Kee jumped over the fence and approached the back patio door of the house. Kee looked in and saw appellant run into the kitchen and grab a bag of marijuana off the kitchen table. He yelled for appellant to give him the marijuana. Appellant opened the back door and told Kee that he didn't have anything. The officers handcuffed both men and patted them down. Kee called appellant's mother, then took him out to the back patio and said "Derron, come clean. Where is the dope?" Appellant did not respond. A few minutes later, appellant told Kee he wanted to go outside again and talk. When they were outside, appellant pulled the marijuana out of his pocket and gave it to Kee, saying, "[H]ere it is."

Appellant was convicted of possession of marijuana in violation of Code § 18.2-250.1, sentenced to thirty days in jail suspended upon conditions, and fined $200.

## II. WARRANTLESS ENTRY

"The burden to establish that the denial of the motion to suppress constituted reversible error rests with the defendant." King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002) (citations omitted).

> At a hearing on a defendant's motion to suppress evidence allegedly obtained in violation of the Fourth Amendment, the defendant has the burden of establishing standing by proving that he had a reasonable expectation of privacy in the place searched,

- 2 -

and the Commonwealth has the burden of proving that the relevant searches or seizures did not violate the defendant's Fourth Amendment rights.

Jefferson v. Commonwealth, 27 Va. App. 1, 10, 497 S.E.2d 474, 478 (1998). "We are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). "However, we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999); see Ornelas, 517 U.S. at 699; Shears v. Commonwealth, 23 Va. App. 394, 398, 477 S.E.2d 309, 311 (1996).

Appellant contends that officers were not justified in entering the curtilage of his home without a warrant and that any evidence obtained during the search or as a result of the unlawful entry should have been suppressed. The Commonwealth argues that the officers entered the property without first obtaining a warrant because they had probable cause to believe an offense had been committed and exigent circumstances existed. We hold that the officers did not have probable cause that a crime had been committed at the residence, and reverse.

The Fourth Amendment protects the people from unreasonable searches and seizures. See Verez v. Commonwealth, 230 Va. 405, 411, 337 S.E.2d 749, 752 (1985).

> In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Consistent with the common law understanding of the extent of the "home," the Supreme Court has held that the Fourth Amendment protections that apply to the house also apply to the "curtilage" of the house.

Jefferson, 27 Va. App. at 15, 497 S.E.2d at 481 (citing Oliver v. United States, 466 U.S. 170, 180 (1984)). This threshold may not be crossed without a warrant, absent both probable cause and

exigent circumstances.  See Payton v. New York, 445 U.S. 573, 590 (1980); Hill v. Commonwealth, 18 Va. App. 1, 3, 441 S.E.2d 50, 51 (1994).  "[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."  Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981) (citing Draper v. United States, 358 U.S. 307, 313 (1959)).  Though the probability showing need not demonstrate the belief to be "more likely true than false," Slayton v. Commonwealth, 41 Va. App. 101, 106, 582 S.E.2d 448, 450 (2003) (citing Texas v. Brown, 460 U.S. 730, 742 (1983)), the officer's belief must be more than a speculative suspicion.

In the instant case, the evidence presented at trial did not establish the requisite basis for a finding of probable cause to believe that an offense had been committed.  The only evidence presented at trial by the Commonwealth was the following testimony of Officer Kee:

> A:  I received a call from my dispatch. They dispatched me to Maplewood in reference to a citizen called that someone was shooting a gun on Magnolia Drive.
>
> Q:  What was the specific address you were given again?
>
> A:  She – when I reported to Magnolia Drive she pointed me to the backyard of the gentlemen, where the gentlemen were in the backyard.
>
> Q:  "She" being?
>
> A:  She being the person that called 911.

The Commonwealth argued that because of the citizen's report "that someone was shooting a gun on Magnolia Drive" officers had probable cause to believe that a firearm had been discharged in violation of Code § 18.2-279.  That section provides, in pertinent part:

> If any person maliciously discharges a firearm *within* any building when occupied by one or more persons in such a manner as to

endanger the life or lives of such person or persons, or maliciously *shoots at*, or maliciously throws any missile at or against any dwelling house or other building when occupied by one or more persons, whereby the life or lives of any such person or persons may be put in peril, the person so offending shall be guilty of a Class 4 felony.

Code § 18.2-279 (emphasis added).

We cannot say that probable cause justified Kee's warrantless entry and search of appellant's home based on the Commonwealth's evidence. The description of "someone shooting a gun on Magnolia Drive" does not expressly state or reasonably imply that the weapon had been fired "within" or "at" an occupied dwelling in violation of Code § 18.2-279. This is not a semantic distinction, but rather the difference between what is legal and illegal.[1] The evidence thus fails to "warrant a person of reasonable caution to believe that an offense has been or is being committed." Taylor, 222 Va. at 820, 284 S.E.2d at 836. We therefore hold that the entry into appellant's property without a warrant under the circumstances of this case was unlawful, and the trial court erred in denying appellant's motion to suppress. We also hold that appellant's incriminating statements to the police were "fruit of the poisonous tree," and were not sufficiently attenuated to be admissible.[2] See Park v. Commonwealth, 32 Va. App. 407, 418, 528 S.E.2d 172, 177 (2000).

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed.

---

[1] No ordinance was cited that would in this jurisdiction have made any discharge of a firearm unlawful.

[2] Because we hold that there was no probable cause for the entry, we do not address further the issue of exigent circumstances. See Payton, 445 U.S. at 590.