COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


JESSIE LOVELL SMITH

                                              MEMORANDUM OPINION* BY
v.        Record No. 0106-04-1           CHIEF JUDGE JOHANNA L. FITZPATRICK
                                                   NOVEMBER 9, 2004
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                           Louis R. Lerner, Judge

              Charles E. Haden for appellant.

              Steven A.Witmer, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General, on brief) for appellee.


       Jessie Lovell Smith (appellant) was charged with robbery pursuant to Code § 18.2-58, and

pled guilty on February 4, 2003.  Appellant moved to withdraw his guilty plea on November 24,

2003 on the basis that he "was under extreme emotional distress at the time of pleading guilty," and

was "unable to realize his own best interests at the time of the guilty plea."   Following two

psychological evaluations of appellant's competency to stand trial, the trial court overruled this

motion, and sentenced appellant to 20 years in prison, with 6 years suspended.  Appellant contends

that the trial court erred in denying his motion to withdraw the plea.  We hold that the trial court

properly denied the motion, and affirm.

---

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on September 2, 2002, appellant walked into Michael Baker's (Baker) Solo Food Market in Hampton. After giving Baker five dollars for his purchase, appellant pulled a gun and told Baker to give him the money in the register. Baker raised his hands and backed away, and told appellant to take the money. The store's surveillance camera captured the robbery, and was turned over to Hampton Detective Kunkel (Kunkel). Kunkel discovered that similar robberies had recently occurred in Norfolk, and he went to the Norfolk city jail to speak with appellant, who was incarcerated at the time. Kunkel obtained a photograph of appellant and showed it to Baker at the Solo Food Mart. Baker positively identified appellant as the person who robbed his store on September 2, 2002.

Appellant pled guilty and had the following plea colloquy:

> THE CLERK: Jessie Smith, on or about September 22, 2002, did unlawfully [sic] and feloniously, in violation of Section 18.2-58, Code of Virginia, rob Michael Baker. How say you, are you guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: There are additional questions for me to ask you, sir. If at any time you don't understand the question, please ask me to repeat it and confer, if necessary, with Ms. Gerlach before you do respond. Do you fully understand the charge against you and the elements of the crime?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you entering this plea of guilty freely and voluntarily?
>
> THE DEFENDANT: Yes, sir.

THE COURT:  Are you entering this plea of guilty because you are, in fact, guilty of the crime of which you are charged?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand that by pleading guilty you waive and give up certain rights including the right to a trial by jury, the right to cross-examine witnesses and the right to remain silent?

THE DEFENDANT:  Yes, sir.

THE COURT:  Has anyone connected with the state such as the police or the Commonwealth's attorney or any official threatened you or forced you in any way to enter this plea of guilty?

THE DEFENDANT:  No, sir.

THE COURT:  Commonwealth's attorney may have advised your attorney as to what punishment would be recommended if you pled guilty.  Other than that, has there been any discussion or promise of any leniency in your case?

THE DEFENDANT:  No, sir.

THE COURT:  Have you and Ms. Gerlach talked about the maximum penalty that might be assessed in this case?  Have you and Ms. Gerlach talked?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you had ample time to prepare any defense that you might have to this charge?

THE DEFENDANT:  Excuse me?

THE COURT:  Have you had ample time to prepare any defense?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you discussed with your attorney whether you should plead guilty or not guilty?

THE DEFENDANT:  Yes, sir.

THE COURT:  After that discussion, who made the decision to plead guilty?

THE DEFENDANT: I did.

THE COURT: You understand that by pleading guilty, you waive and give up your right to appeal the decision of this court?

THE DEFENDANT: Yes, sir.

THE COURT: You understand all these questions that I've asked you?

THE DEFENDANT: Yes, sir.

THE COURT: Your plea of guilty is entered as given freely and voluntarily with knowledge of its elements. And you may be seated.

Based on stipulated evidence and appellant's guilty plea, the trial court found appellant guilty of the robbery, ordered a presentence report, and continued the sentencing hearing until April 1, 2003.

Defense counsel requested a continuance on that date after learning that appellant had charges pending in two other jurisdictions and that a psychological evaluation of appellant had been ordered, which defense counsel in the instant case wished to review. The trial court continued the case until June 18, 2003, pending these results.

At the next hearing, appellant submitted a psychological evaluation prepared by Dr. D.H. Killian (Killian) for a different criminal matter. Killian summarized his letter to the trial court in that case as follows:

> To summarize, I do not think that this man can cooperate with his defense attorney and I do not think that he can understand the proceedings against him. I do believe that he is acutely mentally ill, and he is probably possessed of a psychiatric disorder such as schizophrenia. However, he is obviously quite depressed, and he is currently functioning intellectually at a retarded level, though it is unclear if this is a permanent issue or a temporary one secondary to his psychiatric disturbance.
>
> I do think that he should be sent to Eastern or Central State Hospital for further evaluation, treatment as indicated, and re-evaluation of his Competency to stand trial and his mental status

- 4 -

at the time of the alleged offense when the hospital staff believe
that his competency has been restored.

At the June 18 hearing, the trial court continued the case again until September 12, 2003, because appellant had been sent to Central State Hospital for evaluation in accord with Killian's recommendation. On that date the sentencing hearing was again continued until November 19, 2003. On November 19, the hearing was again continued until December 22, 2003, pending appellant's motion to withdraw his guilty plea.

In its discharge report, and in contrast to Killian's analysis, Central State Hospital described appellant's symptoms as "minor depressive symptoms that did not meet criteria [sic] for a major depressive disorder." The report stated that "[t]he patient appeared to be able to interact with others and had no major cognitive deficits," and "he was found competent to stand trial." The hospital diagnosed appellant with "depressive disorder, not otherwise specified," and "polysubstance dependance."

Appellant moved to withdraw his guilty plea on November 21, 2003, citing his "extreme emotional distress at the time of pleading guilty," and argued that "the Defendant was unable to realize his own best interest at the time of the guilty plea." At the hearing on December 22, 2003, the trial court denied appellant's request:

I find nothing in the materials presented to me having to do with
Mr. Smith's capacity that would indicate that in any way he was
not fully competent to waive the preliminary hearing and waive his
right to a Grand Jury indictment. And we proceed to try him on
the arrest warrant to which he pled guilty, and it's normal practice
in this court to ask a number of questions about whether or not one
understands what's going on. He has indicated that he did.
Therefore, I deny your motion . . . .

The trial court sentenced appellant to 20 years in prison, with 6 years suspended for 30 years conditioned upon good behavior.

## II. ANALYSIS

Appellant contends the trial court erred in denying his motion to withdraw his guilty plea. Appellant contends that he was incompetent to plead guilty and, thus, he should be allowed to withdraw his plea. We disagree.

We review this appeal for an abuse of discretion. See Hoverter v. Commonwealth, 23 Va. App. 454, 465, 477 S.E.2d 771, 776 (1996).

> In the absence of statutory regulation or established practice, whether or not an accused should be allowed to withdraw a plea of guilty for the purpose of submitting one of not guilty is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case. . . . [T]he motion should not be denied, if timely made, and if it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made.

Parris v. Commonwealth, 189 Va. 321, 324, 52 S.E.2d 872, 873 (1949). Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.[1]

Further,

> The plea of guilty to a serious criminal charge should be freely and voluntarily made, and entered by the accused, without a semblance of coercion, and without fear or duress of any kind, and the accused should be permitted to withdraw a plea of guilty entered unadvisably when application therefor is duly made in good faith and sustained by proofs . . . .

Parris, 189 Va. at 325, 52 S.E.2d at 874.

---

[1] The timeliness of appellant's motion is not at issue on appeal. Appellant moved to withdraw the plea before sentencing.

Credible evidence supports the trial court's denial of appellant's motion to withdraw his guilty plea. Appellant sufficiently demonstrated his competence when answering the trial court's questions during the colloquy. The mental evaluation submitted from Central State determined that appellant was competent to stand trial, and formed no basis to show appellant was incompetent at the time he entered his plea. The hospital diagnosed appellant as depressed and suffering from polysubstance dependence, but stated that he "appeared to be able to interact with others and had no major cognitive deficits." The record reflects no "honest mistake of material fact" nor was the plea "induced by fraud, coercion, or undue influence." Id. at 324, 52 S.E.2d at 873. We therefore cannot say that the trial court was plainly wrong in ruling that appellant could not withdraw his guilty plea.

Accordingly, we affirm the judgment of the trial court.

Affirmed.